# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LAVELLE C. JACKSON, SR.,**
    Petitioner,

v.                                                               Case No. 18-CV-1358

**WARDEN DAN WINKELSKI,**
    Respondent.

## ORDER

Lavelle Jackson was accused of repeatedly sexually assaulting his pre-teen daughter. Before trial, his attorney moved for permission to introduce evidence that the victim had made a prior accusation against another of her mother's boyfriends. ECF # 12-2 at 49. The trial court deferred ruling until trial, *id.* at 66, 82, and then, on the day of trial, barred Jackson from introducing such evidence, *id.* at 90. Jackson was convicted. Jackson appealed the decision to exclude the evidence, and the state court of appeals affirmed. Jackson did not petition the state supreme court for certiorari. Jackson claims that his appellate counsel told him that a petition for certiorari would be fruitless.

Jackson petitions this court for a writ of habeas corpus under 28 U.S.C. § 2254. His petition (which he has amended once) is confusing but appears to assert the following claims that his incarceration is unconstitutional: (1) the trial court violated his 6th Amendment right to present a defense by excluding evidence of the victim's prior sexual assault allegations; (2) trial counsel was ineffective for failing to secure the admission of the excluded evidence in a pretrial motion; and (3) Jackson failed to seek certiorari review from the state supreme court because his appellate counsel abandoned him.

Jackson filed his amended petition on September 24, 2018. On November 13, 2018, respondent Dan Winkelski moved to dismiss the amended petition. Jackson did not respond to Winkelski's motion within the 30 days prescribed by local rule. On March 28, 2019, I entered an order directing Jackson to file a response by April 22, 2019 or risk dismissal of the case. Instead of filing a response, Jackson filed his own motion on April 11, 2019, seeking a stay and abeyance of this case so that he might exhaust his remedies in state court. His motion also seeks appointment of counsel and "a 280 day extension of time" though it is unclear what deadline he seeks to have extended. If granted a stay, he appears to intend to attempt to exhaust his state claims by filing a motion in state court under Wis. Stat. § 974.06, which authorizes collateral attack on a state sentence on constitutional or jurisdictional grounds at any time after the initial time for appeal or postconviction remedy has lapsed.

Respondent did not file any response to petitioner's motion for a stay, but the brief in support of respondent's motion to dismiss includes several preemptive arguments against a stay of this action. The present order addresses both petitioner's motion for stay and abeyance, and respondent's motion to dismiss.

**I.     LEGAL STANDARDS**

   A.  Required exhaustion of state remedies.

A prisoner seeking habeas relief under § 2254 must exhaust each of his claims in state court before bringing them to federal court. 28 U.S.C. § 2254(b)(1)(A); *Rhines v. Weber*, 544 U.S. 269, 276 (2005). In *Rhines,* the Supreme Court recognized that a habeas petitioner whose claim was dismissed in federal district court for failure to exhaust state claims risked losing all opportunity for federal review because of the 1-year statute

of limitations for federal habeas claims. *Id.* at 274-275. Thus, the Supreme Court authorized district courts in appropriate circumstances to grant a stay and abeyance of habeas petitions so that the petitioner might exhaust state remedies before returning to federal court. *Id.* at 275. A stay and abeyance of a habeas action is appropriate when "the petitioner had good cause for his failure to exhaust all claims and the unexhausted claims have some possible merit." *Dolis v. Chambers*, 454 F.3d 721, 724 (7th Cir. 2006).

A stay and abeyance of a habeas claim is appropriate only when a petitioner still has remedies specific to that claim available in state court. A different rule applies when a state court declines to address a habeas claim because the prisoner has failed to meet a state procedural requirement: generally in such circumstances the habeas claim cannot then be raised in federal court. *Maples v. Thomas*, 565 U.S. 266, 280 (2012). "The bar to federal review may be lifted, however, if 'the prisoner can demonstrate cause for the procedural default in state court and actual prejudice as a result of the alleged violation of federal law.'" *Id.* (quoting *Walker v. Martin*, 562 U.S. 307, 316 (2011). A prisoner can also overcome procedural default if he can demonstrate that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998). A claim for actual innocence must be credible and founded on "new" evidence, meaning evidence that was not before the trier of fact. *Arnold v. Dittman*, 901 F.3d 830, 836-7 (7th Cir. 2018). To establish actual innocence as a gateway to review of an otherwise defaulted claim, the petitioner must show that, "in light of this new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Id.* at 837 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Finally, a district court may deny an application for a writ of habeas corpus on its merits "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state." 28 U.S.C. § 2254(b)(2).

B. State post-conviction motions under Wis. Stat. § 974.06.

In Wisconsin, the post-conviction motion procedure under § 974.06 is the "primary method in which a defendant can attack his conviction after the time for appeal has expired." *State v. Escalona-Naranjo*, 185 Wis.2d 168, 176 (1994). A § 974.06 motion may not be used to raise issues disposed of by a previous appeal. *Peterson v. State*, 54 Wis.2d 370, 381 (1972). Further, if a constitutional claim has not been raised in a prior appeal or post-conviction motion, it cannot be raised on a § 976.04 motion unless the court determines that "sufficient reason" exists for the earlier failure to allege or adequately raise the claim. *Escalona-Naranjo*, 185 Wis. at 184.

II. **ANALYSIS**

A. Abandonment by appellate counsel.

Jackson cannot establish a right to habeas relief on the claim that his appellate counsel abandoned him such that he failed to seek certiorari review from the state supreme court. An indigent criminal defendant has no constitutional right to counsel on discretionary appeal to the state supreme court. *Ross v. Moffitt*, 417 U.S. 600 (1974). Thus, abandonment by counsel at this stage does not make for a constitutional violation. To the extent that Jackson attempts to raise this claim as a standalone basis for habeas relief, it must be dismissed.

B. Right to present a defense.

Jackson admits that his right-to-defense claim is procedurally defaulted because he failed to timely petition the state supreme court for certiorari review. He attempts to show "cause" for the default and thus overcome it by claiming that his appellate counsel abandoned him. *See Maples*, 585 U.S. at 281. I find, however, that Jackson cannot overcome the default because it is clear from the face of his petition that his counsel did not "abandon" him in the sense contemplated in *Maples.*

As the *Maples* court explained, the general rule is that cause for a procedural default exists where "something external to the petitioner, something that cannot be fairly attributed to him, impeded his efforts to comply with the State's procedural rule." 565 U.S. at 280*, quoting Coleman v. Thompson*, 501 U.S. 722, 753 (1986). Under this standard, an attorney's failure to meet a deadline does not ordinarily qualify as "cause," because the attorney is the client's agent and thus the attorney's conduct is imputed to the client. *Maples*, 565 U.S. at 281. However, *Maples* recognized an exception where an attorney abandons a petitioner without notice, thus causing the default. *Id.* In such a situation, the attorney severs the principle-agent relationship, such that the client can't be bound by the attorney's conduct. *Id.* And, without notice that his attorney is not representing him, the client can't be faulted for failing to act on his own behalf—the default, in other words, is caused by something external to him. *Id.* Here, though, petitioner alleges:

> Counsel not only abandoned petitioner counsel misinformed the petitioner with false facts that his appeal would be fruitless at any other level that included a writ of certiorari to the Wisconsin Supreme Court consequently impeding his right to seeking an writ of habeas corpus.

ECF # 10 at 2. I conclude from this allegation that petitioner was on notice that his attorney did not intend to represent him for purposes of the cert petition. At that point it became

5

petitioner's responsibility to petition the Supreme Court so as to avoid the procedural default; his attorney's inaction did not "cause" the default.

Jackson also appears to raise actual innocence as a "gateway" past his procedural default. An actual innocence claim must be based on "new" evidence, which may include evidence that was excluded at trial. *Arnold*, 901 F.3d at 837. The evidence muse be "reliable . . . whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Id.*, (quoting *Schlup*, 513 U.S. at 324). Presumably, Jackson intends that the excluded evidence of his alleged victim's prior sexual assault allegation be treated as the "new" evidence supporting his actual innocence claim. Jackson has not presented a developed picture of the evidence underlying his conviction, but even taken alone this new evidence does not appear sufficient to establish an actual innocence gateway. The evidence is not compellingly exculpatory as envisioned by the *Schlup* and *Arnold* courts; at most, it diminishes the credibility of the victim's allegations against Jackson. Again, to establish the innocence gateway, Jackson's burden is to show that in light of the new evidence it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Jackson has not met that threshold.

Jackson has not overcome the procedural default on the right-to-defense claim. Further, because the claim has already been raised and decided on appeal in state court, Jackson can't re-raise it on a § 974.06 motion. *Peterson*, 54 Wis.2d at 381. Thus, there's no basis to grant a stay and abeyance with respect to this claim. I will dismiss this claim.

    C.  Ineffective Assistance of Trial Counsel.

Jackson's final claim is that he received ineffective assistance when his trial counsel failed to secure admission of contested impeachment evidence on a pretrial motion. Jackson did not raise this claim in his initial appeal. It is my understanding that Jackson seeks a stay and abeyance on this claim so that he can exhaust it by means of a § 974.06 motion. In deciding whether to grant the stay and abeyance, I must consider whether Jackson "had good cause for his failure to exhaust all claims and the unexhausted claims have some possible merit." *Dolis*, 454 F.3d at 724.

Both factors weigh against granting Jackson a stay and abeyance. First, he does not provide any discernible explanation for his failure to exhaust his assistance of trial counsel claim. He has not shown good cause. Second, his claim is likely without merit. An ineffective assistance of counsel claim has two elements: deficient performance by counsel, and resulting prejudice. *Strickland v. Washington,* 466 U.S. 668, 690 (1984). "To satisfy *Strickland's* deficiency component, the convicted defendant must show that counsel's performance fell below an objective standard of reasonableness. This means identifying acts or omissions of counsel that could not be the result of professional judgment." *Sussman v. Jenkins,* 636 F.3d 329, 349 (7th Cir. 2011)(quoting *United States ex rel. Thomas v. O'Leary*, 856 F.2d 1011, 1015 (7th Cir. 1988)). In framing his ineffective assistance claim, Jackson relies on *Sussman,* in which the Seventh Circuit ruled in light of the facts of that case that a habeas petitioner could establish both the deficiency and prejudice prongs of *Strickland* where the petitioner's trial counsel had failed to bring a pretrial motion concerning an alleged victim's prior false allegations of sexual assault, even though Wisconsin law requires that there be a pretrial determination of the admissibility of such evidence. *Id.* at 350. Here, Jackson doesn't allege that his trial

counsel failed to file such a motion; indeed, the record shows that counsel *did* file that very motion and argued it in pretrial court appearances at least twice. ECF #12-2 at 49, 66, 82. Jackson's objection seems to be that his counsel failed to *win* the argument—but that is not a basis for finding counsel's performance objectively unreasonable. Jackson's ineffective assistance claim is without merit.

I will not grant Jackson a stay and abeyance on this claim, but will dismiss it on its merits as I am permitted to do under 28 U.S.C. § 2254(b)(2).

### III. CONCLUSION

As described above, each of Jackson's claims for habeas relief must be dismissed for lack of exhaustion or on its merits.

Therefore, **IT IS ORDERED** that petitioner's motion for stay and abeyance, to appoint counsel, and for enlargement of time (ECF # 14) is **DENIED.**

**IT IS FURTHER ORDERED** that respondent's motion to dismiss the petition for habeas corpus (ECF # 11) is **GRANTED.** The clerk of court shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that the petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 24th day of July, 2019.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge